IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES MOORE,

     Plaintiff,

     v.

JOSHUA WALLACE, OFFICER COREY
FLAGG, UNKNOWN OFFICER(S), and the
CITY OF CHICAGO,

     Defendants.

No. 05 C 0446

JUDGE GOTTSCHALL
MAGISTRATE JUDGE KEYS

## AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, by and through the LAW OFFICES OF BLAKE

HORWITZ, LTD., and pursuant to this Complaint at Law, states the following, against the above

named Defendants, to wit JOSHUA WALLACE, OFFICER COREY FLAGG, and UNKNOWN

OFFICER(S), (hereinafter, the "DEFENDANT OFFICERS") and the CITY OF CHICAGO:

### JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States;

and this Court's supplementary jurisdiction powers.

### PARTIES

2.     Plaintiff, JAMES MOORE is a resident of the County of Cook and State of Illinois, and a

citizen of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto officers of the City of

Chicago.

1

4.      On or about January 21, 2005, the DEFENDANT OFFICERS severly beat the Plaintiff. This conduct constituted an unreasonable seizure of the Plaintiff in violation of the Fourth Amendment to the United States Constitution.

5.      On or about January 21, 2005, the Plaintiff did not resist arrest and/or batter any of the DEFENDANT OFFICERS.

6.      On or about January 21, 2005, the Plaintiff did not obstruct justice, resist arrest and/or assault any of the DEFENDANT OFFICERS.

7.      On or about January 21, 2005, and/or any time thereafter, the DEFENDANT OFFICERS have not charged the Plaintiff with a criminal offense.

8.      The use of force initiated by the DEFENDANT OFFICERS and the failure to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of the Plaintiff.  Said force was unreasonable and unnecessary.

9.      The Plaintiff was arrested by the DEFENDANT OFFICERS notwithstanding the fact that the Plaintiff, on said day, had not committed an act contrary to the laws of the State of Illinois. Further, the DEFENDANT OFFICERS failed to witness the Plaintiff commit an illegal act of any sort.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, Plaintiff was caused to suffer serious and permanent personal injury, pain, suffering and mental anguish both now and in the future.

11.     On or about January 21, 2005, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and duly appointed police officers for the CITY OF CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and

2

scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

12. Also, the DEFENDANT OFFICERS conspired to injure the Plaintiff by:

    A. agreeing to allow the Plaintiff to be injured, without intervening in the beating;

    B. falsifying documentation so as to avoid being detected as having injured the Plaintiff;

    C. submitting radio transmissions designed to cover-up the fact that the Plaintiff was beaten by a Chicago Police Officer.

    D. generating false documentation to cover-up for the misconduct of the DEFENDANT OFFICERS.

13. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions in connection with excessive force and/or false arrest complaints that are directed at the City of Chicago:

    A. individuals for the City of Chicago generate false documentation to cover-up for the misconduct of the DEFENDANT OFFICERS.

    B. supervisory individuals from the CITY OF CHICAGO fail to properly discipline officers from said police department that have committed an act of excessive force and/or false arrest upon another;

    C. supervisory individuals from the CITY OF CHICAGO fail to properly investigate a complaint of excessive force and/or false arrest perpetrated by a CITY OF CHICAGO police officer upon another;

    D. supervisory individuals from the CITY OF CHICAGO fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of excessive force and/or false arrest has been committed by said officer, upon another.

14. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts

and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO in order to permit said conduct to re-occur. A code of silence exists, between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).

15. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

16. The CITY OF CHICAGO, by and through the Chicago Police Department, has retained District Commanders for the District that controls the location where the Plaintiff was arrested. Said Commanders are aware of the acts of misconduct (as alleged above) by police officers for the City of Chicago. The CITY OF CHICAGO, knowing this activity to occur, has failed to take any action to correct the situation, namely, discipline and/or terminate the District Commander(s) that control the District in question. Also, said District Commander(s) participate in the code of silence (alleged above), resulting in the following:

    A. police officers inferior to the District Commander are unwilling to come forward and tell the truth relative to acts of misconduct;

    B. the District Commander does not report acts of misconduct by officers inferior to the District Commander.

    C. future misconduct is fostered by the permission generated from this code of silence.

**COUNT I**
**§1983 Excessive Force**

17. Plaintiff re-alleges paragraphs 1 through 16 as though fully set forth herein.

4

18. The actions of the DEFENDANT OFFICERS amount to an excessive use of force onto the Plaintiff. This conduct violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

19. The aforementioned actions of said officers was the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS. Plaintiff also demands punitive damages, costs and attorney's fees against said Defendants. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

20. Plaintiff re-alleges paragraphs 1 – 16 as though fully set forth herein.

21. The actions of the DEFENDANT OFFICERS caused the arrest of the Plaintiff without probable cause to believe that Plaintiff had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

22. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest –State Claim

23. Plaintiff re-alleges paragraphs 1–16 as though fully set forth herein.

5

24.     The DEFENDANT OFFICERS arrested Plaintiff without probable cause to believe that Plaintiff had committed criminal activity.  The DEFENDANT OFFICERS' conduct was in violation of the Constitution to the State of Illinois as well as Illinois Common law.

25.     The aforementioned actions of the DEFENDANT OFFICERS was the direct and proximate cause of the violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and costs.  Plaintiff also demands whatever additional relief this Court deems equitable and just.

**COUNT IV**
**Battery –State Claim**

26.     Plaintiff re-alleges paragraphs 1–16 as though fully set forth herein.

27.     The DEFENDANT OFFICERS struck the Plaintiff intentionally, without consent and without justification.

28.     The DEFENDANT OFFICERS' conduct was in violation of Illinois Law.

29.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and costs.  Plaintiff also demands whatever additional relief this Court deems equitable and just.

**COUNT V – *Monell***

30.     Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

WHEREFORE, Plaintiff demands compensatory damages against the CITY OF CHICAGO, costs and attorney's fees.  Plaintiff also demands whatever additional relief this Court deems equitable and just.

6

## COUNT VI
## Negligent retention against the CITY OF CHICAGO

31.     Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

32.     The CITY OF CHICAGO has continued to retain said District Commanders, notwithstanding the dereliction of duty and practice they have established of allowing illegal arrests to take place, false police reports to be lodged and innocent civilians to become arrested.

WHEREFORE, Plaintiff demands compensatory damages against the CITY OF CHICAGO, costs and attorney's fees.  Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

33.     Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

34.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

35.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF CHICAGO.

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay them any judgment obtained against said DEFENDANT OFFICERS as a result of this complaint.

## COUNT VIII
## Supplementary Claim for *Respondeat Superior*

36.     Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

7

37. The aforesaid acts of the DEFENDANT OFFICERS was in the scope of their employment and therefore the Defendant CITY OF CHICAGO as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## COUNT IX
### § 1983 Conspiracy Claim

38. Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

39. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the laws set forth in the United States Constitution, *inter alia* the Fourth and Fourteenth Amendment.

**WHEREFORE**, Plaintiff demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT X
### Conspiracy Claim – State Law

40. Plaintiff re-alleges paragraphs 1-16 as though fully set forth herein.

41. The aforementioned actions were the direct and proximate cause of the violations of the laws set forth in the Constitution of the State of Illinois.

**WHEREFORE**, Plaintiff demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

Plaintiff Demands Trial by Jury.

Respectfully Submitted.

`                                    s/ Blake Horwitz_____
                                    Attorney for the Plaintiff
                                    Blake Horwitz

**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
Tali Kravitz, Esq.
155 N. Michigan, #714
Chicago, IL  60601
(312) 616-4433

9